## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ROGERS, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA AQUARIUM, INC.,<br><br>Defendant. | )<br>)<br>)<br>) Civil Action No.: _____<br>)<br>) Jury Trial Demanded<br>)<br>)<br>)<br>) Collective Action – pursuant to 29<br>) U.S.C. § 216(b)<br>) |

## COMPLAINT

This is an action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, to recover money damages and for other relief for unpaid wages and overtime compensation owed to Christopher Rogers and all other similarly situated persons who worked as a Life Support Systems Technician on the second shift at Georgia Aquarium, Inc. (the "Georgia Aquarium") at any time in the period from August 14, 2012, through the filing of this Complaint ("Relevant Period").

## PARTIES

1.

Plaintiff Christopher Rogers ("Plaintiff") is a former employee of Defendant who was employed by Defendant from in or about December 2010 through in or about July 2015, as a Life Support Systems Technician (hereinafter "LSS Technician") on the second shift at the Georgia Aquarium.

2.

Plaintiff brings this action individually, and as a collective action under 29 U.S.C. § 216 on behalf of Defendant's current and former employees who worked as LSS Technicians on the second shift at the Georgia Aquarium at any time during the Relevant Period (collectively the "Similar Situated Employees").

3.

Plaintiff's consent to serve as employee representative is attached hereto as Exhibit "A" and incorporated herein by reference.

4.

The Consent to Join Collective Action of other Similarly Situated Employees to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

5.

Plaintiff and the Similarly Situated Employees performed similar job duties and were subjected to similar pay practices while employed by Defendant as LSS Technicians on the second shift at the Georgia Aquarium and were "employees" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) and 207(a).

6.

Defendant Georgia Aquarium, Inc. is a non-profit domestic corporation with over 500 employees, which is authorized to and does transact business in the State of Georgia, Fulton County.

7.

The name and address of the Georgia Aquarium's registered agent is Benjamin T. White located at Alston & Bird LLP, 1201 W. Peachtree Street, Atlanta, Georgia 30309-3424 in Fulton County.

8.

Defendant Georgia Aquarium, Inc. may properly be served with process upon its registered agent.

9.

Defendant operates the Georgia Aquarium in Atlanta Georgia, which is the largest aquarium in the Western Hemisphere with 10 million gallons of fresh and marine water and tens of thousands of animals.

10.

At all relevant times hereto, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

11.

At all relevant times hereto, Defendant was not exempt from the minimum wage or overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq*.

12.

At all relevant times hereto, Plaintiff and the Similarly Situated Employees were employed by the Defendant as employees, and therefore were each an "employee" within the meaning of 29 U.S.C. §203(e).

13.

At all relevant times hereto, Defendant had an annual gross volume of sales made or business done that was more than $500,000.

14.

At all relevant times hereto, Defendant had employees engaged in commerce.

15.

At all relevant times hereto, Defendant was an enterprise engaged in commerce for purposes of the FLSA.

16.

Defendant agreed to toll the statute of limitations as of August 14, 2015, for the claims of Plaintiff, Heros Nascimento, and Andrew Evans.

17.

This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and venue is proper in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE CLASS HE REPRESENTS

18.

This action is brought by Plaintiff, individually and on behalf of the Similarly Situated Employees, for violations of the FLSA based upon Defendant's systematic failure to properly compensate them for all hours worked and for overtime hours worked in excess of forty (40) hours per week.

19.

Plaintiff and the Similarly Situated Employees were employed by Defendant as employees, and worked for Defendant as LSS Technicians on the second shift at the Georgia Aquarium during the Relevant Period.

20.

The work period of Plaintiff and the Similarly Situated Employees consisted of a seven (7) day calendar week.

21.

Plaintiff and the Similarly Situated Employees were paid on an hourly basis and were not paid on a salary basis.

22.

Defendant properly classified Plaintiff and the Similarly Situated Employees as hourly paid non-exempt employees under the FLSA.

23.

Based on their job duties and hourly compensation, Plaintiff and the Similarly Situated Employees were hourly paid, non-exempt employees under the FLSA.

24.

On numerous occasions during the Relevant Period, Defendant required or permitted Plaintiff and the Similarly Situated Employees to work in excess of forty (40) hours in a work period without Plaintiff and the Similarly Situated Employees receiving proper overtime compensation for those hours exceeding forty (40) hours.

25.

Defendant did not properly calculate the number of hours worked and/or properly calculate overtime compensation for Plaintiff and the Similarly Situated Employees for all hours worked and for overtime hours worked in excess of forty (40) hours in a given week.

26.

The time worked by the Plaintiff and the Similarly Situated Employees was recorded and maintained by Defendant.

27.

Defendant directed and required Plaintiff and the Similarly Situated Employees to clock out of Defendant's time-keeping system for meal breaks, but despite that, Defendant directed and required Plaintiff and the Similarly Situated Employees to work off-the-clock.

28.

While off-the-clock during meal breaks, Plaintiff and the Similarly Situated Employees continued to work as they were never fully relieved of their duties.

29.

Defendant regularly deducted time for meal breaks for each shift worked by Plaintiff and the Similarly Situated Employees, despite them never being fully relieved of their duties at any time on their shifts.

30.

Defendant maintained a practice of improperly making deductions of time from the actual hours worked per week by Plaintiff and the Similarly Situated Employees.

31.

Defendant adjusted the time records of Plaintiff and the Similarly Situated Employees to falsely reduce the number of hours they had actually worked.

32.

Defendant failed to enter corrections to time entries when notified of these improper deductions and problems of undercounting hours worked because of work off-the-clock during meal breaks.

33.

Defendant undercounted the actual hours worked per week by Plaintiff and the Similarly Situated Employees on numerous occasions during the Relevant Period.

34.

By deducting and altering time for meal breaks despite them never being fully relieved of their duties and undercounting the actual hours worked, Defendant did not properly calculate the money owed to Plaintiff and the Similarly Situated Employees for all hours worked and for overtime hours worked in excess of forty (40) hours per week on numerous occasions during the Relevant Period.

35.

Defendant's time records and pay records concerning the hours worked and compensation received by Plaintiff and the Similarly Situated Employees contain the necessary information to properly calculate the hours undercounted and money owed to Plaintiff and the Similarly Situated Employees.

36.

Defendant's log sheets, time records, pay records, daily shift logs, ORP Log Books, Chemical Dosing Log Books, data collection round sheets, computer alarm screen records, watch-stander duty pager records, other logs and other

documentation contain the necessary information to document that Plaintiff and the Similarly Situated Employees were never fully relieved of their duties while off-the-clock during the meal breaks on their shifts.

37.

Defendant has failed to meet the requirements for any of the exemptions from application of the minimum wage or overtime compensation requirements of the FLSA for Plaintiff and the Similarly Situated Employees.

38.

Plaintiff and the Similarly Situated Employees were required to be compensated at their hourly rate for each hour worked up to forty (40) hours in a given week.

39.

Plaintiff and the Similarly Situated Employees were required to be compensated at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

40.

Plaintiff and the Similarly Situated Employees at times were entirely uncompensated for overtime pay.

41.

Plaintiff and the Similarly Situated Employees at times were undercompensated for overtime pay.

42.

Defendant has willfully violated the FLSA by not paying Plaintiff and the Similarly Situated Employees regular compensation for all hours worked and overtime compensation for all time worked in excess of forty (40) hours per week at the rates required by law.

43.

Upon information and belief, Defendant has failed to keep all records required by the FLSA regarding the wages, hours and other conditions of employment of the Plaintiff and the Similarly Situated Employees for the time period required by law.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

44.

Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45.

At all times during their employment, Plaintiff and the Similarly Situated Employees were employees required to be paid for all hours worked and overtime

wages by Defendant at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

46.

Defendant has violated the provisions of the FLSA, 29 U.S.C. 29 U.S.C. § 206, § 207 and §215 by failing to pay Plaintiff and the Similarly Situated Employees for all hours worked and overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

47.

Defendant's failure to compensate Plaintiff and the Similarly Situated Employees for all hours worked and overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week is a willful and intentional violation of the FLSA.

48.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that their compensation practices and failure to compensate Plaintiff and the Similarly Situated Employees for all hours worked and overtime wages at a rate of one and one-half times their regular rate of pay for

each hour worked in excess of forty (40) hours in a given week, was in violation of these laws.

49.

Said intentional and willful violations give rise to claims for relief under the FLSA for the Plaintiff and the Similarly Situated Employees for unpaid wages for all hours worked and unpaid overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week during the Relevant Period; liquidated damages in an amount equal to the unpaid compensation; declaratory and injunctive relief; and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

50.

By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Similarly Situated Employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Similarly Situated Employees, requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this action to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b), authorize notice to be distributed to the Similarly Situated Employees, and permit those Similarly Situated Employees who opt in to participate by filing proper written notice with the Court;

(c) Issue a declaratory judgment declaring that Plaintiff and the Similarly Situated Employees were covered by the provisions of the FLSA;

(d) Issue a declaratory judgment declaring that Defendant has failed to comply with the requirements of the FLSA;

(e) Issue a Judgment against Defendant that its violations of the FLSA was willful;

(f) Award Plaintiff and the Similarly Situated Employees payment for unpaid wages for hours worked and unpaid overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week for the Relevant Period;

(g) Award Plaintiff and the Similarly Situated Employees payment of liquidated damages equaling 100% of their unpaid wages and unpaid overtime wages;

(h) Award Plaintiff and the Similarly Situated Employees prejudgment interest and postjudgment interest;

(i) Award Plaintiff and the Similarly Situated Employees reasonable attorneys' fees and costs incurred in prosecuting these claims;

(j) Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(k) Grant leave to amend to add claims under applicable state and federal laws;

(l) Grant leave to amend to add other Defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d), as may be determined at a later time;

(m) Issue an order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and

(n) Award any such further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other persons similarly situated, hereby demands a trial by jury to the extent authorized under the law.

[signature on following page]

Respectfully submitted this 30th day of August, 2015.

By: /s/ Lisa T. Millican
GREENFIELD MILLICAN P.C.
Lisa T. Millican, Esq.
Georgia Bar No. 309046
44 Broad Street, N.W., Suite 607
Atlanta, Georgia 30303
(404) 522-1122 (telephone)
(404) 522-1133 (facsimile)
lisa.millican@lawofficepc.com

LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
Joshua A. Millican, Esq.
Georgia Bar No. 508998
44 Broad Street, N.W., Suite 607
Atlanta, Georgia 30303
(404) 522-1152 (telephone)
(404) 522-1133 (facsimile)
joshua.millican@lawofficepc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

CONSENT TO SERVE AS A
PLAINTIFF REPRESENTATIVE UNDER THE
FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)

I, Christopher Rogers, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Georgia Aquarium, Inc. and/or any other associated or legally culpable parties and to represent the interests of the class members with respect to all cognizable claims for unpaid wages, unpaid overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This 11 day of May, 2015.

Christopher Rogers