IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ROGERS, ) <br> Individually and on behalf of all ) <br> others similarly situated, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA AQUARIUM, INC., ) <br> ) <br>       Defendant. ) | Civil Action File No. <br> 1:15-cv-03056-WSD |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND BRIEF IN SUPPORT

Plaintiff Christopher Rogers ("Rogers"), Consent filers Heros Nascimento ("Nascimento") and Andrew Evans ("Evans") (collectively, the "Former Employees"), and Defendant Georgia Aquarium, Inc. ("GAI") (collectively, with the Former Employees, the "Parties") respectfully request that the Court grant this joint motion and enter an Order approving the Settlement, finding that the Settlement Agreement represents a fair and reasonable resolution of this matter by resolving a bona fide dispute between the Parties with respect to liability and damages, and dismissing this action with prejudice. In support of this Motion, the Parties show as follows:

## I. PROCEDURAL HISTORY, ALLEGED FACTS AND SETTLEMENT

This action under the Fair Labor Standards Act ("FLSA") was commenced by Rogers, on behalf of himself and others similarly situated, on August 30, 2015. [Docket No. 1.] Rogers served the Summons and Complaint on GAI on September 1, 2015. Because the Parties were negotiating settlements at the time, they filed a Consent Motion to Extend Defendant's Time to Answer the Complaint ("Consent Motion") on September 18, 2015. [Docket No. 6.] On that same day, Nascimento and Evans filed Consents to Join the Collective Action. [Docket No. 7.] In light of the parties' indication that they had reached a settlement in the Consent Motion, the Court administratively closed the matter [Docket No. 8] but directed the Parties to file the instant Motion. The basic facts underlying the FLSA claim asserted in the Complaint are set forth below.

The Former Employees all worked for GAI as Technicians on the Life Support Systems ("LSS") team. Each was classified as non-exempt under the FLSA and was assigned for a period of time to the LSS second shift. Typically, employees on the LSS second shift worked four, ten-hour shifts per week, and each shift included a one-hour unpaid meal break. GAI required LSS second-shift employees to record their meal breaks in its timekeeping system.

In this action, the Former Employees allege that they were required to perform work for GAI off the clock during their unpaid meal breaks, resulting in unpaid overtime under the FLSA.  The Former Employees also claim that GAI deducted and altered their recorded time for meal breaks, again causing them not to receive overtime that they were owed under the FLSA. GAI denies these allegations and denies that the Former Employees are entitled to any overtime compensation from GAI.

In order to avoid the expense and uncertainty of litigating this matter, the Parties have reached a settlement.  The Settlement Agreement memorializing the terms and conditions of this settlement are attached hereto as Exhibit A.  These settlements were reached after extensive negotiations between the Parties, through their respective counsel.

## II.    THE SETTLEMENT CALCULATIONS

### A.    Christopher Rogers

Within the possible three-year FLSA statute of limitations period,[1] Rogers worked as a Technician on the LSS second shift from August 2012 to July 2015.

---

[1] GAI denies that a three-year statute of limitations should apply here because any alleged violations of the FLSA were not willful.  However, the Parties assumed a three-year limitations period in calculating the maximum potential damages for the Former Employees' claims.

Counsel for the Parties reviewed the available time records[2] for Rogers during the period in question. The Parties have determined that the maximum amount that GAI could owe Rogers for unpaid overtime under the FLSA is $8,691.66.[3]  In addition to this amount of uncompensated overtime that could potentially be due, Rogers also claims an entitlement to liquidated damages, which would be an additional $8,691.66.  Therefore, Rogers' maximum total damages under the FLSA are $17,383.32, without attorneys' fees and costs.

B.     **Heros Nascimento**

Nascimento worked as a Technician on the LSS second shift from June 2013 to August 2013 and from December 2013 until August 2014.  Counsel for the Parties have reviewed his time records for these periods and determined that the maximum amount that GAI could owe Nascimento for unpaid overtime under the

---

[2]     GAI changed payroll providers on January 1, 2013, and thus, its payroll records for 2012 were not immediately accessible. Therefore, GAI provided Rogers's counsel with his time records from January 2013 through July 2015.

[3]     This amount assumes that Rogers worked every minute of the unpaid meal breaks that he recorded.  For January 2013 through July 2015, the Parties added together the time for each meal break recorded in GAI's timekeeping system. In instances where that time, if compensable, would have resulted in overtime pay or additional overtime pay, it was multiplied by one and one half times Rogers' then applicable regular rate. For Rogers' alleged unpaid overtime from August 2012 through December 2012, the Parties estimated Rogers' unpaid overtime by averaging the amount of alleged unpaid overtime he worked each six-month period between January 2013 and July 2015.

FLSA is $2,508.02.[4]  In addition to this amount of uncompensated overtime that could potentially be due, Nascimento is also claiming an entitlement to liquidated damages, which would be an additional $2,508.02. Therefore, his maximum total damages under the FLSA are $5,016.04, without attorneys' fees and costs.

### C. Andrew Evans

Evans worked on the LSS second shift for about 17 weeks within the possible 3-year FLSA statute of limitations between August 2012 and December 2012. Because he worked only in 2012, no records were accessible upon which to base his damages calculation. Therefore, the Parties assumed that Evans worked four hours of unpaid overtime (or one hour per shift) in each of the 17 weeks and determined that the maximum amount that GAI could owe him for unpaid overtime under the FLSA is $1,659.54.[5]  In addition to this amount of uncompensated overtime that could potentially be due, Evans is also claiming an entitlement to liquidated damages, which would be an additional $1,659.54.

---

[4]     Nascimento's damages were calculated in the same method as described for Rogers in Footnote 3 above, except that Nascimento's damages calculation did not require any estimation based on unavailable records because GAI had time records available for his entire tenure on the LSS second shift.

[5]     This assumes that Evans worked the entire one-hour meal break during each of his four weekly shifts, that he actually worked every shift each of the 17 weeks (instead of, for example, taking paid time off for some of his shifts), and that he actually worked all of the scheduled hours in each shift.

Therefore, his maximum total damages under the FLSA are $3,319.08, without attorneys' fees and costs.

## III. ANALYSIS AND LEGAL AUTHORITY

Claims arising under the FLSA may be settled under the supervision of the district court after reviewing the settlement for fairness. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Klatt v. All-Brand Food Distribution, Inc.*, No. 608-cv-2125-Orl-28KRS, 2010 WL 746492, at *2 (M.D. Fla. Mar. 3, 2010). When court approval is sought, whether to approve an FLSA settlement lies within the court's discretion. *See Lynn's Foods Stores,* 679 F.2d at 1350. If the court determines that the settlement is a "fair and reasonable resolution of a bona fide dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### A. A Bona Fide Dispute Between The Parties Existed

In this action, the Former Employees allege that they were required to perform work for GAI off the clock during their unpaid meal breaks, resulting in unpaid overtime under the FLSA. The Former Employees also claim that GAI deducted and altered their recorded time for meal breaks, again causing them not to receive overtime that they were owed under the FLSA. GAI denies these

allegations and denies that the Former Employees are entitled to any overtime compensation from GAI.

While the Parties disagree regarding whether the Former Employees actually performed off-the-clock work resulting in unpaid overtime and whether GAI wrongfully deducted or altered their time, they agree that these questions are the central and outcome-determinative issues in this case.  They also agree that there is very likely to be one or more material issues of fact that will likely make it impossible for either side to prevail in this case on summary judgment, and thus that this case will likely need to be tried to a jury.

Accordingly, the Court should conclude that a bona fide dispute between the parties exists.

### B. The Proposed Settlement is a Fair and Reasonable Resolution of the Parties' Claims and Defenses

The settlement of the instant action is appropriate for Court approval because it is fair, reasonable, and adequate.  The proposed settlement arises out of an action brought by the Former Employees against their employer, which was adversarial in nature. During the litigation and settlement of this action, the Former Employees were represented by experienced counsel.  Early in the case, the Parties discussed their interest in attempting to reach a settlement.  The settlement ultimately reached was the product of lengthy arm's-length negotiations between

the Parties, facilitated by counsel. It provides relief to the Former Employees and eliminates the inherent risks, costs and expenses both sides would bear if this complex litigation were to continue.

Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

In determining whether a settlement is fair and reasonable under the FLSA, courts typically examine the following factors common to the review of class action settlements in the Rule 23 context:

> (1) the existence of collusion behind the settlement;
>
> (2) the complexity, expense and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the probability of plaintiff's success on the merits;
>
> (5) the range of possible recovery; and
>
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl-28GJK, 2009 WL 347418 at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925 at *3 (M.D. Fla.

Dec. 11, 2006).  Further, the Eleventh Circuit has instructed that courts should be mindful of the strong presumption in favor of finding a settlement fair.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources."); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (noting that "particularly in class action suits, there is an overriding public interest in favor of settlement.").[6]

Pursuant to the settlement agreement, GAI has agreed to pay Rogers a total of $12,313.19.  This recovery for Rogers represents almost 71% of the maximum amount of $17,383.32 that he could receive in damages through a judgment in this case if he were to prevail at trial.  The Parties submit that this discount on Rogers' maximum total damages is fair and reasonable, given the highly fact-intensive nature of his FLSA claim and the risks that both Rogers and GAI would face if they were litigate this matter all the way to a jury trial.

GAI has agreed to pay Nascimento a total amount of $4,263.63, representing approximately 85% of the maximum amount of $5,016.04 that he could receive in

---

[6]  Decisions of the Fifth Circuit Court of Appeals decided prior to October 1, 1981 are binding within the Eleventh Circuit.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

damages through a judgment in this case if he were to prevail at trial. The Parties submit that this small discount on his maximum total damages is fair and reasonable, given the highly fact-intensive nature of his FLSA claim and the risks that both Nascimento and GAI would face if they were litigate this matter all the way to a jury trial.

GAI has agreed to pay Evans a total amount of $2,821.22, which is approximately 85% of the maximum amount of the $3,319.08 that he could receive in damages through a judgment in this case if he were to prevail at trial. The Parties submit that this small discount on his maximum total damages is fair and reasonable, given the highly fact-intensive nature of his FLSA claim and the risks that both Evans and GAI would face if they were litigate this matter all the way to a jury trial.

Consideration of the additional relevant factors confirms that the proposed settlement is fair and reasonable. The complexity, expense, and likely duration of the litigation weighs heavily in favor of finding that the settlement is fair and reasonable. Should this matter have continued, the parties would have had to commence and complete formal discovery, necessitating numerous depositions as well as written discovery and the attendant motion practice. The Parties would have brought dispositive motions on at least the following issues: (1) whether

Defendant acted in good faith; (2) whether Defendant violated the FLSA in any manner; (3) whether the Former Employees performed any uncompensated work; (4) whether the amount of alleged uncompensated work performed by the Former Employees was de minimus; and (5) other defenses. Following the resolution of those issues, the parties potentially faced the prospect of an expensive, lengthy jury trial, with risks to all Parties, as well as likely appeals and post-trial motions. Instead, the Parties directed their efforts toward an informed, efficient resolution of the Former Employees' claims.

Applying the factors listed above, the Court should find that terms of the settlement reached by the Parties are fair and reasonable. The settlements were negotiated at arms' length by competent counsel representing the Parties, and there is no evidence of collusion. This is a case where the amount in controversy would easily be exceeded by the legal fees on both sides, were this case to be litigated all the way to trial. The Former Employees' settlement recoveries are between 71% and 85% of their possible range of recovery, which the Parties submit is appropriate given that the Parties anticipate that discovery would reveal facts that would both help and harm their respective positions. Finally, by their signatures below, counsel for all Parties submit that it is their opinion that the settlement the Parties have reached is fair and reasonable. *See In re BankAmerica Corp. Sec.*

*Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002) ("Although the Court is not bound by the counsel's opinion, their opinion is nonetheless entitled to great weight.").

### C.  The Former Employees' Counsels' Fees and Costs are Reasonable.

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

Judicial scrutiny of FLSA settlements encompasses not only the amounts paid to employees to resolve their FLSA claims, but also the amount for attorney's fees paid pursuant to those settlements. *See Siva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009). The Court must review the negotiated amount of attorneys' fees to be paid to Former Employees pursuant to the Settlement Agreement for reasonableness. The starting point for calculating a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting product is the lodestar, and there is a "strong presumption" that the lodestar figure represents a reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). "A request for attorney's fees should not result in a second major litigation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted).

GAI has also agreed to pay a total of $18,661.25 to counsel for the Former Employees for attorneys' fees and costs. This amount is based upon the 47.1 hours that counsel expended in the case at the time of settlement at the rate of $385/hour (totaling $18,133.50) and $527.75 in expenses.

First, the Court must evaluate the requested fee in terms of the appropriate hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. Here, the Former Employees' attorneys have submitted declarations attesting to the reasonableness of their rate of $385.00 per hour. (*See* Declaration of Joshua A. Millican, which is attached hereto as Exhibit B ("Millican Decl."); (*See also* Declaration of Lisa T. Millican, which is

attached hereto as Exhibit C). Next, the Court must evaluate the requested fee for reasonableness in terms of the total number of hours expended by counsel.[7]

Former Employees' counsel's attorneys' fees and costs are reasonable because the issues here are complex and because counsel bore a significant risk of no recovery, or a reduced recovery, if Defendant was to prevail on the merits or the issues surrounding willfulness and good faith.

Former Employees' counsel expended a considerable amount of resources and analysis for each of the Former Employees' individual claims. Although formal discovery did not take place, the parties informally exchanged documents and records and Former Employees' counsel engaged in extensive efforts to review and sift through documents provided by Defendant in order to prepare for the

---

[7] As shown by declaration attached hereto as Exhibits B and C, Former Employees' counsel contemporaneously with the legal work performed, kept detailed time records that state with reasonable particularity the activities upon which time was spent on the Former Employees' behalves. Those records are immediately available for the Court's review. However, in light of the possibility of further litigation in this case (if the instant settlement is not approved) and the fact that certain details stated in the time records (including entries that may disclose counsel's impressions, strategy or other work product and/or attorney client privileged information) are privileged and should not be revealed to Defendant's counsel, Former Employees' counsel respectfully request leave to submit those records *in camera* for the Court's review, if necessary, and the Court's instructions for doing so.

settlement discussions and for further litigation if the settlement discussion proved unsuccessful.

Additionally, the Settlement Agreement attached hereto as Exhibit A sets forth all terms of the proposed settlement, and there is no "side deal" or "secret settlement" that could possibly taint the amount that the Former Employees agreed to accept in settlement of their FLSA claims. (Millican Decl., ¶ 3); *See Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009).

The Parties' attorneys' fees and costs settlement was agreed upon separately and without regard to the settlement amounts for the Former Employees. *See Martin v. Huddle House, Inc.*, 2011 U.S. Dist. LEXIS 13670, No. 2:10-cv-0082-WCO, *7 (N.D. Ga. Feb. 11, 2011). The Parties initiated settlement discussions regarding attorneys' fees and costs only after they had reached agreement on the amounts that the Former Employees would receive in their settlements. In addition, the agreed-upon attorneys' fees and costs bears no relation to the settlement amounts for the Former Employees, but rather is based only upon the number of hours and cost expended by counsel on the case.  Accordingly, the Parties submit that the settlement for the attorneys' fees and expenses is fair and reasonable and does not present any conflict of interest between the Former Employees and their counsel. *Id* at *12.

Finally, Defendant agrees the amount of fees and expenses requested is fair and reasonable, and Defendant does not oppose an award of fees and expenses in the amounts requested.

### IV.    CONCLUSION

For the foregoing reasons, the Parties jointly request that the Court enter an Order approving the Settlement Agreement, finding the Settlement Agreement is a fair and reasonable resolution of this matter, dismissing the action in its entirety with prejudice, with each party to bear their own costs, except as otherwise provided herein, and enter a stipulated Final Judgment stating that the approved Agreement resolves all disputed issues of fact and law between the Parties in this action.

[*signatures on following page*]

Respectfully submitted this 23rd day of October, 2015.

| | |
|---|---|
| s/ Joshua A. Millican | s/ Brett E. Coburn |
| Joshua A. Millican | Brett E. Coburn |
| Georgia Bar No. 508998 | Georgia Bar No. 171094 |
| LAW OFFICE OF JOSHUA A. MILLICAN, P.C. | Molly M. Jones |
| | Georgia Bar No. 744294 |
| 44 Broad Street, N.W., Suite 607 | ALSTON & BIRD LLP |
| Atlanta, Georgia 30303 | 1201 West Peachtree Street, N.W. |
| T: (404) 522-1152 | Atlanta, Georgia 30309 |
| F: (404) 522-1133 | Tel: (404) 881-7000 |
| E: joshua.millican@lawofficepc.com | Fax: (404) 881-7777 |
| | E: brett.coburn@alston.com |
| Lisa T. Millican | E: molly.jones@alston.com |
| Georgia Bar No. 309046 | |
| GREENFIELD MILLICAN P.C. | ATTORNEYS FOR DEFENDANT |
| 44 Broad Street, N.W., Suite 607 | GEORGIA AQUARIUM, INC. |
| Atlanta, Georgia 30303 | |
| T: (404) 522-1122 | |
| F: (404) 522-1133 | |
| E: lisa.millican@lawofficepc.com | |

ATTORNEYS FOR PLAINTIFF
CHRISTOPHER ROGERS AND
CONSENT FILERS HEROS
NASCIMENTO AND ANDREW
EVANS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day, I electronically filed the within and foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND BRIEF IN SUPPORT**, which complies with the type and format requirements of L.R. 5.1(B) and 7.1(D), Local Rules, N.D. Ga., with the Clerk of Court in the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

        ALSTON & BIRD LLP
          Brett E. Coburn, Esq.
          Molly M. Jones, Esq.

Dated: October 23, 2015.

        By:   *s/ Joshua A. Millican*
              Joshua A. Millican
              Georgia Bar No. 508998
              LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
              The Grant Building, Suite 607
              44 Broad Street, N.W.
              Atlanta, Georgia 30303
              Telephone: (404) 522-1152
              Facsimile: (404) 522-1133
              joshua.millican@lawofficepc.com

              **Attorney for Plaintiff and Consent Filers**