IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ROGERS,<br>Individually and on behalf of all<br>others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>GEORGIA AQUARIUM, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>) Civil Action File No.<br>) 1:15-cv-03056-WSD<br>)<br>)<br>)<br>)<br>) |

## CONSENT ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This matter comes before the Court on the Parties' Joint Motion for Approval of Settlement in this FLSA action.

Therein, the parties properly sought Final Approval of the terms of their Settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." (citations omitted).

Having reviewed the Joint Motion, the Brief in Support thereof, the record, and the details of the settlement, the Court concludes that the terms of the

settlement (1) are fair to the named Plaintiff Christopher Rogers, Consent Filer Heros Nascimentos, and Consent Filer Andrew Evans (collectively the "Former Employees"); (2) reflect a reasonable compromise over the issues that are actually in dispute in this case; and (3) demonstrate a good-faith intention by the parties that the Former Employees' claims be fully and finally resolved.

Furthermore, the settlement (1) was reached in an adversarial context as the result of arms-length negotiations between the parties; (2) arrived at a fair disposition of the claims; and (3) arrived at a fair and reasonable settlement of the attorneys' fees and costs of litigation. *See generally, Lynn's Food Stores, Inc.*, 679 F.2d 1350.

Accordingly, the motion is GRANTED and the settlement is hereby APPROVED by the Court as a final, fair, adequate and reasonable resolution of this Action;

IT IS FURTHER ORDERED that the Settlement Agreement is incorporated into this Order as if fully set forth herein, and Defendant shall make payments to each of the Former Employees as set forth in the Settlement Agreements;

IT IS FURTHER ORDERED that the Defendant shall pay the Former Employees' reasonable attorneys' fees and expenses in the amount of $18,661.25 as

requested, specifically having found that the requested hourly rate of $385.00 is reasonable for Joshua A. Millican and Lisa T. Millican; and

IT IS FURTHER ORDERED that that this action is hereby dismissed with prejudice and each party shall bear its own costs and attorneys' fees, except as expressly set forth in the Settlement Agreement.

SO ORDERED this **26** day of **October**, 2015.

_____
Judge William S. Duffey, Jr.
District Court Judge
United States District Court for the Northern
District of Georgia